MORRIS LAW GROUP
Steve Morris, Bar No. 1543
Email:  sm@morrislawgroup.com
Robert McCoy, Bar No. 9121
Email:  rrm@morrislawgroup.com
Joni A. Jamison, Bar No. 11614
Email:  jaj@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada  89101
Telephone:  (702) 474-9400
Facsimile:  (702) 474-9422

Attorneys for Defendant
sanofi-aventis, U.S., LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER KWASNIEWSKI, individually and as Special Administrator of the ESTATE OF ANDREW A. KWASNIEWSKI; TAYLOR L. KWASNIEWSKI; and DYLAN A. KWASNIEWSKI, a minor, by and through Jennifer Kwasniewski, his mother and guardian,<br><br>                    Plaintiffs,<br>v.<br><br>SANOFI-AVENTIS, U.S., LLC, a Delaware limited liability company; NADINE LEONE, MFT; BEHAVIORAL HEALTHCARE OPTIONS, INC., a Nevada corporation,<br><br>                    Defendants. | Case No: 2:12-cv-00515-GMN-RJJ<br><br>**STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY** |

          This is a product liability case that plaintiffs allege involves

Ambien CR®, an FDA-approved prescription drug.  Disclosure and

discovery in this proceeding will involve the production of confidential

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

information that includes trade secrets, proprietary information, and other proprietary research. Certain discovery will also contain confidential information about third parties, such as social security numbers, names, addresses, and protected health information, that sanofi-aventis is required to collect as part of it research, development, and post-marketing surveillance of prescription pharmaceuticals. To adequately protect this information and expedite the flow of discovery material, Plaintiffs and the Defendant sanofi-aventis have stipulated and the Court finds that good cause is shown to protect this information from being disclosed. Therefore, IT IS HEREBY ORDERED THAT the following provisions shall govern the documents, materials or other things or portions thereof (and the information contained therein) produced in discovery by any party to this litigation.

By stipulating to this Protective Order (the "Order"), the parties have agreed to be bound by its terms and to request its entry by the presiding district or magistrate judge. It is hereby **ORDERED** as follows:

**A.    DISCOVERY PHASE**

1.    For purposes of this Order, the following definitions shall apply: (a) the term "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure ("Fed. R. Civ. P"); (b) the term "producing party" shall be defined as any party or non-party who is required to produce or provide materials or testimony and (c) the term "receiving party" shall mean any party (including a party's counsel) or any consultant or other person to whom confidential information is furnished.

2.    A producing party may designate as **"CONFIDENTIAL"** any material the producing party believes in good faith constitutes or discloses information that qualifies for protection pursuant to Fed. R. Civ. P. 26(c), specifically information that is trade secret or other confidential research,

development, or commercial information, and materials that are deemed confidential under Federal Drug Administration ("FDA") regulations and Health Insurance Portability and Accountability Act ("HIPAA") statutes and regulations.

3. The receiving party shall bear the reasonable cost of reproduction of all documents, materials, or other things, whether in paper or electronic format.

4. *Challenges to Designations or Redacted Information*: Any party may at any time challenge the redaction or the designation of information as **CONFIDENTIAL** by providing written notice of its objection to the designating party, or, in the case of a deposition, either on the record at a deposition or in writing later. If, after a meet-and-confer process, the parties cannot reach agreement, the challenging party may, on reasonable notice, apply for an appropriate ruling from the Court. The disputed material shall continue to be treated as confidential until the Court orders otherwise.

5. No person or party subject to this Order shall distribute, transmit, or otherwise divulge any material marked CONFIDENTIAL, except in accordance with this Order, with the exception that this Protective Order does not limit the producing party's ability to use its own confidential data in the manner it sees fit.

6. *Use of Confidential Material Limited to this Action*: Any document or other material which is marked **CONFIDENTIAL**, or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Order shall prevent the use of any document or the contents thereof, at any deposition taken in this action.

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101

702/474-9400 • FAX 702/474-9422

7. *Access to Confidential Material*: If a party or attorney wishes to disclose any document or other material which is marked **CONFIDENTIAL**, or the contents thereof, to any person actively, or retained to, work on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

a. Provide a copy of this Order to the person to whom disclosure is made;

b. Inform the person to whom disclosure is made that s/he is bound by this Order;

c. Require the person to whom disclosure is made to sign the acknowledgment and receipt of this Order, attached as Exhibit A;

d. Instruct the person to whom disclosure is made to return or, in the alternative and with permission of the producing party, at the conclusion of the case to destroy any document or other material which is marked **CONFIDENTIAL**, including notes or memoranda made from **CONFIDENTIAL** material;

e. Maintain a list of persons to whom disclosure was made and the **CONFIDENTIAL** materials which were disclosed to that person;

f. At the conclusion of this action, gather the **CONFIDENTIAL** materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, or destroy them, providing a certificate of compliance with the terms of this Protective Order.

8. *Redaction of Confidential Material*: The parties recognize that certain FDA, other governmental agencies, and certain federal statutes require redaction of certain information prior to production of certain information by Defendants and that Defendants will comply with those requirements and redact such information as directed. Any party

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101

702/474-9400 • FAX 702/474-9422

challenging information that has been redacted may do so in accordance with Paragraph A.4 of this Protective Order, or otherwise in accordance with the Federal Rules of Civil Procedure.

9.  *Use of Confidential Material at Depositions*: All transcripts and exhibits shall be treated as if designated **CONFIDENTIAL** for a period of thirty (30) days after the transcript is available from the court reporter. Counsel for any party may designate during the deposition or during the thirty day period after the transcript is available from the court reporter any portion of the transcript as **CONFIDENTIAL** by denominating by page and line, and by designating any exhibits, that are to be considered **CONFIDENTIAL** pursuant to the criteria set forth in this Order. Such designation shall be communicated to all parties. Transcript portions and exhibits designated in accordance with this paragraph shall be disclosed only in accordance with this Order. A party may challenge any **CONFIDENTIAL** designations in accordance with the provisions of Paragraph A.4 above.

10.  *Inadvertent Failure to Properly Designate Confidential Material*: Inadvertent production of any document or information without a designation of **CONFIDENTIAL** will not be deemed to waive a party's claim to its confidential nature or estop said party from designating said document or information as **CONFIDENTIAL** at a later date. Disclosure of said document or information by another party prior to such later designation shall not be deemed a violation of the provisions of this Order.

11.  *Inadvertent Disclosure of Privileged Documents, "Clawback" Procedure*: Inadvertent production of documents or electronically stored information ("ESI") (collectively "Inadvertently Produced Documents") subject to work-product or attorney-client privilege, or other legal privilege protecting information from discovery, shall not constitute a waiver of the

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101

702/474-9400 • FAX 702/474-9422

privilege, provided that the producing party shall notify the receiving party in writing as set forth herein. In the event that a party inadvertently produces documents or ESI subject to a claim of privilege, the producing party shall, within ten (10) days of the discovery of the inadvertent disclosure, notify the other party in writing of the inadvertent disclosure. The producing party may, in the notice, request a "clawback" of the inadvertently disclosed material. The party receiving such clawback notice shall immediately and diligently act to retrieve the inadvertently produced documents, and all copies, including any loaded to databases, and return them to the producing party or destroy them as agreed between the parties. All notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed and not used.

12. *If the receiving party elects to file a motion as set forth below*, the receiving party, subject to the requirements below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the motion below, but shall segregate and not use them pending resolution of the motion. If the receiving party's motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph. No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them unless otherwise ordered by the Court.

The party receiving such Inadvertently Produced Documents may, after receipt of the producing party's notice of inadvertent production, move the Court to dispute the claim of privilege.

MORRIS LAW GROUP · 900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

**B.      SUBMISSION OF CONFIDENTIAL MATERIAL**

1.      *If any party or attorney wishes to file with the Court a pleading, motion, or memorandum* that contains **CONFIDENTIAL** material, whether as an exhibit or excerpted in the motion, the filing party or attorney shall give the producing party reasonables notice prior to filing and provide copies of the documents or excerpts containing **CONFIDENTIAL** material that it intends to file with the Court. If the producing party decides that the material should be filed under seal, it will notify the filing party within seven days of receiving notice of the filing party's intent to file **CONFIDENTIAL** material.  The filing party shall file the motion and **CONFIDENTIAL** material in sealed envelopes (in accordance with LR 10-5) with the caption, title of court, name of the case, an indication of nature of the contents, the word "Confidential," and the following statement:

> This envelope containing documents which are filed in this case by (name of party) is not to be opened nor the contents thereof to be revealed except by Court order; provided, however, that counsel of this Court and there inspect the contents hereof, without order of the Court, and upon completion of each inspection by counsel, the envelope containing such documents shall be resealed.

The producing party will then be responsible for filing a motion for leave to seal the documents to be filed concurrently or shortly after the filing of the motion, pleading, or memorandum.

**C.      POST-DISCOVERY PHASE**

1.      *If any party or attorney wishes to use as an exhibit or as testimonial evidence at a hearing or trial*, any **CONFIDENTIAL** material, such party must provide reasonable notice to the producing party of the intended use of such information. The parties shall then attempt to resolve the matter of continued confidentiality by either (a) removing the **CONFIDENTIAL**

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

1  marking, (b) creating a mutually acceptable redacted version that suffices
2  for purposes of the case, or (c) conferring about methods to avoid or limit
3  public disclosure of such information during testimony. If an amicable
4  resolution proves unsuccessful, the parties may present the issue to the
5  Court for resolution.

6       2.     *Survival of Protective Order*: Throughout and after the conclusion
7  of this litigation, including any appeals, the restrictions on communication
8  and disclosure provided for herein shall continue to be binding upon the
9  parties and all other persons to whom **CONFIDENTIAL** material has been
10 communicated or disclosed pursuant to the provisions of this Order or any
11 other order of the Court.

12      3.     Return or Destruction of Confidential Material Upon
13 Termination of Litigation: Within sixty (60) days after the final termination
14 of this action or upon such time as the parties agree, each party, upon
15 request of the other party, shall either return to the producing party, or
16 destroy, all **CONFIDENTIAL** material designated by any other party
17 (including any such material disclosed to third persons), except for any
18 attorneys' work product for the party returning the material, and shall
19 provide confirmation in writing to opposing counsel if such materials are
20 destroyed.

21      4.     Modification of this Order: Nothing in this Order shall prevent
22 any other party from seeking amendments broadening or restricting the
23 rights of access to or the use of **CONFIDENTIAL** material or otherwise
24 modifying this Order; and this Order may be amended without leave of the
25 Court by the agreement of the undersigned attorneys for the parties in the
26 form of a Stipulation that shall be filed in this case.

27

28

MURDOCK & ASSOCIATES, CHTD.

By /s/ Robert E. Murdock
    Robert E. Murdock
    520 South Fourth Street
    Las Vegas, Nevada 89101

ECKLEY M. KEACH, CHTD.
Eckley M. Keach
520 South Fourth Street
Las Vegas, Nevada 89101

Attorneys for Plaintiff

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By /s/ Keith A. Weaver
    Keith A. Weaver
    400 South Fourth Street
    Suite 500
    Las Vegas, Nevada 89101

Attorneys for Defendant Behavioral Healthcare Options, Inc.

FRED KENNEDY

By /s/ Fred Kennedy
    Fred Kennedy
    628 South Casino Center Blvd.
    Suite 310
    Las Vegas, Nevada 89101

Attorneys for Defendant Nadine Leone, MFT

MORRIS LAW GROUP

By /s/ Robert McCoy
    Steve Morris
    Robert McCoy
    Joni A. Jamison
    900 Bank of America Plaza
    300 South Fourth Street
    Las Vegas, Nevada 89101

Attorneys for Defendant sanofi-aventis, U.S., LLC

## ORDER

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE


Dated:_____October 24, 2012_____

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

MORRIS LAW GROUP • 900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER KWASNIEWSKI, individually and as Special Administrator of the ESTATE OF ANDREW A. KWASNIEWSKI; TAYLOR L. KWASNIEWSKI; and DYLAN A. KWASNIEWSKI, a minor, by and through Jennifer Kwasniewski, his mother and guardian, <br><br>          Plaintiffs, <br><br> v. <br><br> SANOFI-AVENTIS, U.S., LLC, a Delaware limited liability company; NADINE LEONE, MFT; BEHAVIORAL HEALTHCARE OPTIONS, INC., a Nevada corporation, <br><br>          Defendants. | Case No: 2:12-cv-00515-GMN-RJJ <br><br> **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I have read and understand the Protective Order entered in

*Kwasniewski v. Sanofi-Aventis U.S., LLC*, Case No. 2:12-cv-00515-GMN-RJJ (D.

Nev.), and I agree to be bound by its terms. Specifically, and without

limitation upon such terms, I agree not to use or disclose any Confidential

material made available to me other than in accordance with this Protective

Order.

I hereby agree to submit to the jurisdiction of the United States District Court for the District of Nevada for enforcement of the undertaking I have made herein.

Dated:_____

_____
SIGNED NAME

_____
PRINTED NAME

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422