UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER KWASNIEWSKI, individually and as Special Administrator of the ESTATE OF ANDREW A. KWASNIEWSKI; TAYLOR L. KWASNIEWSKI; DYLAN A. KWASNIEWSKI, a minor, by and through Jennifer Kwasniewski, his mother and guardian,<br><br>         Plaintiffs,<br><br>  vs.<br><br>SANOFI-AVENTIS U.S., LLC, a Delaware limited liability company; NADINE LEONE, MFT; BEHAVIORAL HEALTHCARE OPTIONS, INC., a Nevada corporation,<br><br>         Defendants. | Case No. 2:12-cv-00515-GMN-RJJ<br><br>ORDER |

Pending before the Court is Plaintiffs Jennifer Kwasniewski, Taylor Kwasniewski, and Dylan Kwasniewski's Motion for Remand (ECF No. 8) and Motion to Stay (ECF No. 65). Plaintiffs assert that there is not complete diversity between all parties and thus the Court lacks subject matter jurisdiction. Alternatively, Defendant Sanofi-Aventis U.S., LLC argues that Nevada Defendants are fraudulently joined to the action. For the reasons set forth below, the motions are denied.

**I.     BACKGROUND**

This dispute arises out of the tragic passing of Andrew Kwasniewski. Mr. Kwasniewski had been prescribed Ambien for sleeplessness, and although he took it as prescribed, he allegedly suffered complications from the drug, which ultimately resulted in his death. Surviving members of Mr. Kwasniewski's family ("Plaintiffs") brought suit

in Nevada state court against Defendant Sanofi-Aventis U.S., LLC ("Sanofi"), the manufacturer of the drug Ambien, for wrongful death, negligence, products liability, and various other torts. Plaintiffs also included a negligence claim against Defendant Nadine Leone, MFT ("Leone") who was allegedly acting as an agent of Defendant Behavioral Healthcare Options, Inc. ("BHO").

Leone is a Marriage and Family Therapist who saw Mr. Kwasniewski one time. Plaintiffs allege that Leone, although not the prescriber of the Ambien, knew that Mr. Kwasniewski was taking Ambien, knew that Mr. Kwasniewski was having suicidal ideations, and was therefore under a duty to warn him of the drug's potential mental and emotional side-effects. Plaintiffs further allege that Leone's failure to warn Mr. Kwasniewski of the side effects of Ambien led to his death.

Because Plaintiffs are all residents of Nevada, the presence of Leone, a Nevada resident, and BHO, a Nevada Corporation, destroys diversity. Nonetheless, Sanofi removed the case to federal court claiming that Leone and BHO were fraudulently joined. Leone and BHO joined in the removal and the fraudulent joinder claim. Plaintiffs now move the Court to remand the action back to state court. Additionally, Plaintiffs moved the Court to stay any action in the case pending resolution of the motion to remand.

## II. LEGAL STANDARD

Although an action may be removed to federal court only where there is complete diversity of citizenship, "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339

(9th Cir. 1987)). In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity. *Morris*, 236 F.3d at 1067.

"The defendant seeking removal is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. However, the party asserting fraudulent joinder carries a "heavy burden" of persuasion. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). "The defendant must demonstrate that there is *no possibility* that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998).

### III. DISCUSSION

Plaintiffs' claims against Leone and BHO are contingent upon whether, under Nevada law, a Marriage and Family Therapist has a duty to warn a patient about the potential side-effects of a drug which she is aware the patient is taking, but which she did not—and legally could not—prescribe. Whether a party owes another a duty of care is "a question of law to be determined solely by the courts." *Turner v. Mandalay Sports Entm't*, 180 P. 3d 1172, 1177 (Nev. 2008). When no statute or common law exists that imposes a duty, a plaintiff cannot prevail on a negligence claim. *See Phillips v. Clark Cnty. Sch. Dist.*, No. 2:10-CV-02068-GMN-PAL, 2011 WL 4343979, at *3 (D. Nev. Sept. 14, 2011) (holding that no duty existed when no party could identify "any Nevada statute or common law that imposes such a duty").

No statute or case in Nevada imposes a duty on Marriage and Family Therapists to warn their patients about potential side effects of the patient's prescription drugs. Generally, the duty to warn about potential side effects of a drug rests solely with the prescribing physician. *See Klasch v. Walgreen Co.*, 264 P.3d 1155, 1158 (Nev. 2011). This general rule seeks to prevent less-informed intermediaries from second-guessing the

decision of a treating physician who has superior, more comprehensive knowledge as to the patient's specific medical situation and the risk-benefit balance of prescribing a particular drug. *See id*. at 1159 (citing *Ingram v. Hook's Drugs, Inc.*, 476 N.E.2d 881, 886–87 (Ind. Ct. App. 1985)). This rule is both for the benefit of patients who may be harmed by second-guessing from less informed sources, as well as protecting intermediaries from being forced to interject themselves into the doctor-patient relationship, thereby practicing medicine without a license. *See id*. at 1159-60 (citing *Happel v. Wal-Mart Stores, Inc.*, 766 N.E. 2d 1118, 1128 (Ill. 2002)).

Nevada law does, however, recognize a limited exception for pharmacists, who may have a duty to warn of prescription drug side effects in circumstances where they have knowledge of a customer-specific risk—such as a known allergy or a harmful interaction with another prescription. *Id*. at 1161. This "pharmacist exception" creates a safety net, of sorts, for patients by imposing a duty to warn on pharmacists when, because of their expertise in pharmacology and their customer-specific knowledge in relation to that expertise, a pharmacist's knowledge of the patient's situation is superior to that of the treating physician. *See id*. at 1160. Additionally, because the exception is based on a pharmacist's existing knowledge, without diagnosis or investigation, concerns regarding the unauthorized practice of medicine are minimized. *See id*. (citing *Walton v. Bayer Corp.*, 643 F.3d 994, 1000 (7th Cir. 2011).

Plaintiffs assert that the pharmacist exception also applies to Marriage and Family Therapists and therefore, Leone had a duty to warn under Nevada law. Specifically, Plaintiffs allege that Leone (1) had knowledge Mr. Kwasniewski was using Ambien, (2) had client-specific knowledge that Mr. Kwasniewski was having suicidal thoughts, and (3) in order to receive her Marriage and Family Therapy license from the state of Nevada, Leone had been instructed, taught, and tested on "medication side effects." Plaintiffs

argue that because of the specific knowledge Leone had about Mr. Kwasniewski and the general knowledge Leone had about medication side effects, the pharmacist exception applies and Leone had a duty to warn.

Expansion of the pharmacist exception to this scenario is not supported by the public policy underlying both the general rule and the exception. First, the pharmacist exception imposes, in appropriate instances, consultation from an expert in pharmacology on matters relating to pharmacology. Although a licensed Marriage and Family Therapist may have some general knowledge of certain side effects of certain prescription drugs, which may aid her in counseling patients, her knowledge is not nearly to the level of specialty held by a pharmacist. Consequently, consultation from a therapist on matters of pharmacology constitutes the second-guessing of one with limited knowledge that the rule seeks to prevent.

Second, information about a patient's prescriptions is not automatically known to a therapist and requires investigation and, to some extent, diagnosis. As such, imposing a duty to warn could require therapists, with limited knowledge of the patient's entire medical situation, to interject themselves into the doctor-patient relationship. Consequently, the concerns about therapists practicing medicine without a license are not minimized and the policies supporting the general rule remain in place. The pharmacist exception cannot apply to Marriage and Family Therapists.

As Plaintiffs cannot establish a cause of action in state court against Defendants Leone and BHO, Leone and BHO are fraudulently joined and the Court ignores their presence for purposes of diversity. The only other defendant, Sanofi, is a citizen of Delaware. Further, although the complaint does not allege a specific dollar amount of damages, the Court finds that the claims in this case surrounding the wrongful death of Mr. Kwasniewski facially and apparently exceed the required $75,000. *See Singer v.*

*State Farm Mut. Automobile Ins. Co.*, 116 F.3d 373, 375-77 (9th Cir. 1996).  Therefore, the requirements for diversity jurisdiction are met and the Motion to Remand is denied. Additionally, because the Motion to Remand has been resolved and the Court has determined it has jurisdiction over the suit, the Motion to Stay is denied as moot.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 8) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay (ECF No. 65) is DENIED.

DATED this 17th day of December, 2012.

_____
Gloria M. Navarro
United States District Judge