|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JENNIFER KWASNIEWSKI, et al.

      Plaintiffs,    2:12-cv-00515-GMN-NJK

vs.

SANOFI-AVENTIS U.S. LLC., et al.,   **O R D E R**

      Defendants.

  Before the Court is Plaintiffs' Motion to Compel Discovery Responses from Defendant Sanofi-Aventis U.S. LLC (#96). The Court has considered the Plaintiffs' Motion (#96), the Defendant Sanofi-Aventis' Response (#97), and the Plaintiffs' Reply (#89). The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2.

## BACKGROUND

  The Plaintiffs filed this case in the District Court of Clark County, Nevada, on or around February 29, 2012. Complaint (#1-1). The Defendants petitioned for removal to the United States District Court for the District of Nevada on March 27, 2012. Petition for Removal (#1). On or around July 6, 2012, the parties began discovery. *See* Proposed Discovery Plan/Scheduling Order (#33). According to Defendant Sanofi-Aventis, the Plaintiffs have served "overly broad and sweeping discovery requests seeking the production of a large number of documents" since discovery started. The Plaintiffs dispute this claim and have filed the present Motion to Compel (#96) asserting that Sanofi-Aventis has not provided a list of what production goes with which of their requests. Motion to Compel (#96) at 3. Accordingly, the Plaintiffs are seeking an index or

table of contents from Sanofi-Aventis.

**MEET AND CONFER**

The initial inquiry with any motion to compel, is whether the moving party made adequate meet and confer efforts. Fed.R.Civ.P. 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." LR 26-7. This Court has previously held that personal consultation means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. V. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.

The Plaintiffs state in their Motion to Compel that the "parties have conferred and cannot come to an agreement." Motion to Compel (#96) at 3. The affidavit of Robert E. Murdock, Esq., further indicates that the parties discussed the issues via correspondence, email and in person. *Id.* at 6. According to Murdock, Sanofi-Aventis refuses to provide an index or table of contents, or state "exactly what the documents are corresponding to." I*d.*

Defendant Sanofi-Aventis disputes whether the Plaintiffs made a sincere effort to meet and confer. Response (#97) at 4. According to Sanofi-Aventis, the Plaintiffs made only one request for an index. *Id*. at 5. The request was a faxed letter, dated March 19, 2013, which

1  indicated that the Plaintiffs would file a motion to compel if Sanofi-Aventis did not provide an
2  index within seven days. Exhibit H, attached to Response (#97). The Plaintiffs filed their Motion
3  to Compel (#96) on March 21, 2013, two days later. Motion to Compel (#96). According to
4  Sanofi-Aventis, this dispute could have been resolved without court action if the Plaintiffs had
5  made a good faith attempt to meet and confer. Response (#97).

6  In Reply, the Plaintiffs do not address whether there was actually a meet and confer.[1]
7  Reply (#98). Rather, the Plaintiffs cite to Fed.R.Civ.P. 1, which provides that the Federal Rules
8  of Civil Procedure " shall be construed to secure the just, speedy, and inexpensive determination
9  of every action." *Id*. at 2, citing Fed.R.Civ.P. 1.

10  The meet and confer requirements of Fed.R.Civ.P. 37(a)(2)(B) and Local Rule 26-7(b)
11  complement Rule 1. By instructing parties to meet and confer prior to seeking court intervention,
12  the Rules mandate that the parties attempt to resolve or narrow their disputes before filing costly
13  and time-consuming motions. Thus, when parties properly meet and confer, they are attempting
14  to reach just, speedy, and inexpensive solutions, which is a promotion of Rule 1.

15  With this in mind, the Court finds that the Plaintiffs did not properly meet and confer.
16  Although the Murdock Affidavit states vaguely that the parties discussed the issues and that
17  Sanofi-Aventis refused to provide an index, his affidavit lacks the "candor, specificity, and
18  support" needed to show that there was a proper meet and confer. See *Monsanto*, 151 F.R.D. at
19  120. The affidavit does not state when the discussions took place nor what the content of those
20  conversations was.

21  Further, the fax dated March 19, 2013, appears to be the Plaintiffs' first request for an
22  index, and that letter promises seven days to respond. Exhibit H, attached to Response (#97). The
23  fact that the Motion to Compel (#96) was filed two days later implies that the Defendants were
24  not given a sufficient amount of time to respond.

25  Finally, the mere exchange of letters does not satisfy the personal consultation
26  requirement. *ShuffleMaster, Inc.,* 170 F.R.D. at 172. Personal consultation means the movant

27
28       [1] The Reply also continues to argue that Sanofi-Aventis should produce an index. Reply (#98).

- 3 -

1  must "personally engage in two-way communication with the non-responding party to
2  meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial
3  intervention." *ShuffleMaster*, 170 F.R.D. at 171.  Meaningful discussion means that the parties
4  must present the merits of their respective positions and assess the relative strengths of each.  *See*
5  *Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, *11 (D. Nev. June
6  11, 2007).

7       The Plaintiffs' March 19, 2013, fax does not satisfy this requirement.  Rather, the parties
8  should have discussed this dispute in detail by presenting their arguments to one another and
9  consulting in person or over the phone. If such conversations did take place, the Plaintiffs did not
10 sufficiently detail them in the motion or affidavit. Accordingly, the Court finds that the parties
11 did not properly meet and confer before filing the Motion to Compel (#96).

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Plaintiffs' Motion to Compel (#96) is DENIED without prejudice.

DATED this 16th day of April, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge