# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER KWASNIEWSKI, individually and as Special Administrator of the ESTATE OF ANDREW A. KWASNIEWSKI; TAYLOR L. KWASNIEWSKI; DYLAN A. KWASNIEWSKI, a minor, by and through Jennifer Kwasniewski, his mother and guardian,<br><br>        Plaintiffs,<br>  vs.<br><br>SANOFI-AVENTIS U.S., LLC, a Delaware limited liability company; NADINE LEONE, MFT; BEHAVIORAL HEALTHCARE OPTIONS, INC., a Nevada corporation,<br><br>        Defendants. | Case No. 2:12-cv-00515-GMN-NJK<br><br>**ORDER** |

Pending before the Court is Plaintiffs Jennifer Kwasniewski, Taylor Kwasniewski, and Dylan Kwasniewski's Objections re Local Rule IB 3-1 or Motion for Reconsideration. (ECF No. 77.) For the reasons set forth below, the motion is **DENIED**.

## I.    BACKGROUND

This dispute arises out of the tragic passing of Andrew Kwasniewski. Mr. Kwasniewski had been prescribed Ambien for sleeplessness, and although he took it as prescribed, he allegedly suffered complications from the drug, which ultimately resulted in his death. Surviving members of Mr. Kwasniewski's family ("Plaintiffs") brought suit in Nevada state court against Defendant Sanofi-Aventis U.S., LLC ("Sanofi"), the manufacturer of the drug Ambien, for wrongful death, negligence, products liability, and various other torts. Plaintiffs also included a negligence claim against Defendant Nadine Leone, MFT ("Leone"), a Marriage and Family Therapist who conducted one therapy session with Mr. Kwasniewski before his death. At the time of that

session, Plaintiffs allege Leone was acting as an agent of Defendant Behavioral Healthcare Options, Inc. ("BHO").

Sanofi removed the action to this Court on March 27, 2012, (ECF No. 1), arguing that Leone and BHO were fraudulently joined to defeat diversity. Plaintiffs filed a Motion to Remand on April 6, 2012, (ECF No. 8). In ruling on Plaintiffs' Motion to Remand (ECF No. 75), the Court held that Nevada-resident Defendants Leone and BHO were fraudulently joined to the action because Nevada law does not impose a duty on Marriage and Family Therapists to warn patients about possible side effects and interactions of drugs prescribed by a patient's treating physician. Consequently, the Court denied Plaintiffs' Motion to Remand because in Leone and BHO's absence, there was complete diversity and the amount in controversy was satisfied. Plaintiffs brought this Motion shortly thereafter, arguing that the Court failed to consider its general malpractice claim—separate from its failure to warn claims—asserted against Leone and vicariously against BHO.

## II. LEGAL STANDARD

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding

only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). "Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). However, a motion for reconsideration is not a mechanism for re-arguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier, *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted). *See also Soto-Padro v. Pub. Bldgs. Auth.*, 675 F.3d 1, 9 (1st Cir. 2012) ("[A] party cannot use a [motion for reconsideration] to rehash arguments previously rejected or to raise ones that could, and should, have been made before the judgment issued.") (internal quotations omitted). In other words, the purpose of Rules 59(e) and 60(b) is not "to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

### III.   DISCUSSION

Plaintiffs contend that in addition to their duty to warn theory, the Complaint also details a claim for general malpractice establishing Leone's negligence. Plaintiffs argue that a single sentence in their fourteen page complaint stating, "Defendant Leone fell below the standard of care in her care and treatment of Decedent," alleges that Leone committed malpractice by failing to recognize Mr. Kwasniewski's suicidal tendencies at the time of the therapy session. Plaintiffs further contend that by mentioning this failure to identify suicidal tendencies in a footnote,

Plaintiffs argued Leone's general malpractice as an alternative theory of her negligence in their Motion to Remand. Accordingly, Plaintiffs argue that, despite the Court's determination that there was no duty to warn in this case, the malpractice claim remains viable and Leone was not fraudulently joined.

However, the Court disagrees with Plaintiffs' assertion that a general malpractice claim was included in the Complaint and argued in the Motion for Reconsideration. The sentence upon which Plaintiffs' argument relies is within the context of allegations regarding Leone's failure to warn. The complete text of the eleventh cause of action is as follows:

### ELEVENTH CAUSE OF ACTION

> 87. Plaintiffs hereby reallege those allegations contained in paragraphs 1 through 86 herein and incorporate same by reference as though fully set forth herein.
> 88. In or about March of 2010, Defendant Leone was an agent of Defendant BHO.
> 89. Defendant Leone saw Decedent as a patient on or about March 4, 2010 and was aware that he had been prescribed Ambien.
> 90. Defendant Leone failed to warn Decedent about the possible mental and emotional affects (sic) of taking Ambien, including, but not limited to, suicide, suicidal intentions, somnolescence, amnesia, strange behaviors, depressed reaction, dysphasia, and other things.
> 91. Defendant Leone had a duty to so warn but failed to do so.
> 92. *Defendant Leone fell below the standard of care in her care and treatment of Decedent.*
> 93. As a direct and proximate result of Defendant Leone's failure, Decedent died.
> 94. Defendants Leone and BHO were acting as the agents, servants and/or employees of on another and performed the acts described herein in such capacity, and are jointly and severally liable for all damages.

(ECF No. 1-1) (emphasis added). In context, the allegation is that Leone fell below the standard of care by not warning Mr. Kwasniewski about the side effects of Ambien, not by failing to diagnose or identify his suicidal ideations. In fact, the Complaint does not ever allege that Leone failed to diagnose Mr. Kwasniewski as suicidal. Thus, general malpractice was not alleged in the

Complaint.

Rather, it seems the inception of the general malpractice claim was to argue in response to removal. Even then, the argument was more of an afterthought, comprising in its entirety one sentence in a footnote. Apparently, Plaintiffs did not consider that the general malpractice argument was deserving of a place in the main text of the Motion to Remand, much less any explanation or supporting argument. Rather, both Plaintiffs' Motion to Remand and Reply deals solely with Leone's duty to warn about Ambien. As such, the Court considers the general malpractice claim and supporting argument as a new theory of the case which could and should have been presented earlier. Such theories are inappropriate in a Motion for Reconsideration.

Moreover, even viewed in isolation, the statement "Defendant Leone fell below the standard of care in her care and treatment of Decedent," is simply too vague to state a claim upon which relief may be granted. In fact, none of Plaintiffs' filings—their Motion to Remand, its Reply, the instant Motion, and its Reply—detail any facts relating to the standard of care Leone was required to provide, what Leone did or did not do in her examination of Mr. Kwasniewski that breached that standard of care, or how Leone's adherence to the standard of care for Marriage and Family Therapists could have prevented Mr. Kwasniewski's suicide. Rather, Plaintiffs' filings detail how Leone examined Mr. Kwasniewski and specifically inquired about suicidal ideation. The inference from Plaintiffs' filings is not a failed diagnosis due to a negligent exam, but rather a failed diagnosis due to evasive or untruthful answers from the patient. Plaintiffs' request that the Court presume negligence because of the ultimate outcome is contrary to the law. Not every doctor whose patient dies is negligent and a mere allegation only that a Marriage and Family Therapist conducted a session with the patient and the patient ultimately committed suicide is not enough to state a claim for malpractice.

For these reasons, Plaintiffs have not shown that the Court committed clear error. Additionally, Plaintiffs have failed to show any newly discovered evidence or intervening change

in the law.  Consequently, Plaintiffs have failed to raise facts or law of a strongly convincing nature supporting reversal of the Court's prior decision or a valid reason for the Court to revisit its Order.  The issues raised in this Motion do not present the extraordinary circumstances contemplated by Rules 59(e) and 60(b) and Plaintiffs' Motion must be denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs Jennifer Kwasniewski, Taylor Kwasniewski, and Dylan Kwasniewski's Objections re Local Rule IB 3-1 or Motion for Reconsideration (ECF No. 77), is **DENIED**.

**DATED** this 4th day of June, 2013.

_____
Gloria M. Navarro
United States District Judge