# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER KWASNIEWSKI, individually and as Special Administrator of the ESTATE OF ANDREW A. KWASNIEWSKI; TAYLOR L. KWASNIEWSKI; DYLAN A. KWASNIEWSKI, a minor, by and through Jennifer Kwasniewski, his mother and guardian,<br><br>   Plaintiffs,<br><br> vs.<br><br>SANOFI-AVENTIS U.S., LLC, a Delaware limited liability company; NADINE LEONE, MFT; BEHAVIORAL HEALTHCARE OPTIONS, INC., a Nevada corporation,<br><br>   Defendants. | Case No. 2:12-cv-00515-GMN-NJK<br><br>**ORDER** |

  Pending before the Court are Defendant Sanofi-Aventis U.S., LLC's Motion to Dismiss, (ECF No. 5), Plaintiffs Jennifer Kwasniewski, Taylor L. Kwasniewski, and Dylan A. Kwasniewski's Motion for Partial Summary Judgment, (ECF. No. 67), and Defendant Nadine Leone's Motion to Extend Time to File Response to Plaintiffs' Motion for Summary Judgment, (ECF No. 82). Defendant Nadine Leone also joins in Defendant Sanofi-Aventis U.S., LLC's Motion to Dismiss. (ECF No. 20.) For the reasons set forth below, Defendant Sanofi-Aventis U.S., LLC's Motion to Dismiss is **GRANTED**. Consequently, the Complaint is **DISMISSED** and Plaintiffs' Motion for Summary is **DENIED**. Leone's Motion to Extend Time is **DENIED as moot**.

## I.  BACKGROUND

  This dispute arises out of the tragic passing of Andrew Kwasniewski. The Complaint alleges the following facts. Defendant Sanofi-Aventis U.S. LLC ("Sanofi") manufactures the

prescription drug Ambien, a sleep aid medication.  Sanofi had knowledge that Ambien may produce suicidal thoughts, ideations, or actions.  Despite its awareness of these side effects, Sanofi marketed, manufactured, sold, and distributed Ambien, but failed to provide physicians and consumers with adequate warning about its suicide-related side effects.  One of these consumers, Mr. Kwasniewski, had been prescribed Ambien by his physician for sleeplessness.  On March 8, 2010, Mr. Kwasniewski took the medication as prescribed.  As a consequence, Mr. Kwasniewski suffered injury to "his head, neck, back, body, limbs, organs, and nervous system" and died on March 9, 2010.

Surviving members of Mr. Kwasniewski's family ("Plaintiffs") brought a wrongful death action in Nevada state court claiming negligence, products liability, negligent failure to warn, fraudulent and negligent misrepresentation, deceptive trade practices, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty for a particular purpose against Sanofi.  Plaintiffs also included a negligence claim against Defendant Nadine Leone, MFT ("Leone"), a Marriage and Family Therapist who conducted one therapy session with Mr. Kwasniewski before his death.  At the time of that session, Leone was allegedly acting as an agent of Defendant Behavioral Healthcare Options, Inc. ("BHO").  Sanofi now moves under Rule 12(b)(6) to dismiss the nine causes of action asserted against it for failure to state a claim.

## II.      LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citing *Papasan v.*

*Allain*, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to rise above the speculative level." *Id*.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).  A district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 678.  Additionally, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. at 679 (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

### III. DISCUSSION

#### a. Sanofi's Motion to Dismiss

Plaintiffs' Complaint fails to allege sufficiently detailed facts to support a plausible claim.  All of Plaintiffs' claims are premised on three allegations: (1) Mr. Kwasniewski was prescribed Ambien and took it as directed; (2) Sanofi knew that a side effect of Ambien was suicidal thoughts and actions, but provided inadequate warnings about this side effect to physicians and consumers; and (3) Mr. Kwasniewski died after taking Ambien.  However, these

allegations do not allow the Court to draw a reasonable inference that Sanofi is liable for Mr. Kwasniewski's death due to three main deficiencies.

First, the Complaint does not adequately plead causation. Plaintiffs allege only that Mr. Kwasniewski died after taking Ambien; the Complaint is silent on the manner and circumstances of his death. Plaintiffs do not allege that Mr. Kwasniewski experienced suicidal ideation, or that he committed suicide.[1] Under the facts as presently pled in the Complaint, Mr. Kwasniewski's death may have been caused by any number of events or factors independent of his ingestion of Ambien. Consequently, Plaintiffs' allegation that Ambien was the direct and proximate cause of Mr. Kwasniewski's death is conclusory and not entitled to the presumption of truth.

Second, regarding Sanofi's failure to adequately warn, Plaintiffs allege only that Sanofi "under-warned" physicians and consumers about Ambien's potential suicide-related side effects. The Complaint does not contain any factual allegations about what information was provided to either Mr. Kwasniewski or his physician or how that information was deficient. Plaintiffs' own unsupported conclusion that warnings were insufficient does not satisfy the pleading standard. *See Mills v. Bristol-Myers Squibb Co.*, No. CV 11-968-PHX-FJM, 2011 WL 3566131, at \*3 (D. Ariz. Aug. 12, 2011). Thus, the allegations of inadequate warnings are not entitled to presumption of the truth.

Finally, regarding the claims involving fraudulent misrepresentations and deceptive trade practices, Plaintiffs allege merely that Sanofi made false representations concerning the safety of Ambien to Plaintiffs,[2] supplied false information to Mr. Kwasniewski about Ambien, and misrepresented the quality of Ambien generally. However, factual allegations relating to the

---

[1] In Plaintiffs' Response to Sanofi's Motion, Plaintiffs argue that the Complaint details that Mr. Kwasniewski committed suicide. However, a review of the Complaint reveals that no mention of suicide is made in relation to Mr. Kwasniewski's death.

[2] It is unclear why representations to Plaintiffs (as opposed to those made to Mr. Kwasniewski) are relevant.

content of these representations are entirely absent in the Complaint.  Again, Plaintiffs only provide their conclusions that the representations were false, without supporting the allegation with facts detailing what the representations actually were and how they were false.  Such conclusory allegations are insufficient for a well-pleaded claim under the standard articulated in Fed. R. Civ. P. 8(a).  Moreover, allegations of fraud must meet the heightened pleading standard of Fed. R. Civ. P. 9(b) and the Complaint similarly lacks factual allegations pertaining to the time, place, and speaker of the alleged misrepresentations required under that standard. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007).[3]

These three deficiencies undermine all of Plaintiffs' claims and prevent the Court from drawing a reasonable inference that Sanofi is liable for Mr. Kwasniewski's death.  Consequently, the Complaint does not cross the line from conceivable to plausible and it must be dismissed.

### b. Leone's Joinder

Defendant Leone's joinder to Sanofi's motion is ineffective to dismiss the claim against her because the claims asserted against Sanofi are separate and distinct from the claim asserted against Leone.  However, in the Court's prior Order denying Plaintiffs Motion to Remand (ECF No. 75), the Court held that Leone and BHO were fraudulently joined and the Complaint did not state a claim against them.  Consequently, the Court dismisses Leone and BHO as parties to this action.

### c. Plaintiffs' Motion to Amend

In Plaintiffs' Response to Sanofi's Motion, Plaintiffs request that in the event the Court grants Sanofi's Motion, it also allows leave to amend.  Although "[t]he court should freely give

---

[3] Plaintiffs' argument that the Rule 9(b) standard should be relaxed because the necessary facts "are peculiarly within the defendant's knowledge or are readily obtainable by him" is incongruent with their allegations. Plaintiffs allege that the misrepresentations were made specifically to them, Mr. Kwasniewski, and the general public. Thus, the Court does not see how Plaintiffs could not have personal knowledge of the time, manner, content, and speaker of the alleged misrepresentations.

leave when justice so requires," Fed. R. Civ. P. 15(a)(2), Rule 15-1 of the Local Rules of Practice requires the moving party to "attach the proposed amended pleading to any motion to amend so that it will be complete in itself without reference to the superseding pleading."

The Court finds that the deficiencies in Plaintiffs' complaint may be cured by the addition of more specific factual allegations consistent with existing allegations. However, Plaintiffs have not attached a proposed first amended complaint. The Court is willing to grant leave to amend, but requires that Plaintiffs comply with Local Rule 15-1. Thus, Plaintiffs shall have **until June 24, 2013** to file a Motion to Amend which must include their Proposed First Amended Complaint. Failure to timely file the Motion to Amend will result in a dismissal with prejudice.

### d. Plaintiffs' Motion for Summary Judgment

Because Plaintiffs' Complaint has been dismissed in its entirety, it cannot prevail on its Motion for Summary Judgment (ECF No. 67). Therefore, the Motion for Summary Judgment is denied. Accordingly, Leone's Motion to Extend Time to File Response to the Motion for Summary Judgment (ECF No. 82), is denied as moot.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Sanofi-Aventis U.S., LLC's Motion to Dismiss (ECF No. 5), is **GRANTED**. Plaintiffs have **until June 24, 2013** to file a Motion to Amend. Failure to do so will result in **dismissal with prejudice**.

**IT IS FURTHER ORDRERED** that Defendant Nadine Leone and Behavioral Healthcare Options, Inc. are **DISMISSED as parties** to this action.

**IT IS FURTHER ORDERED** that Plaintiffs Jennifer Kwasniewski, Taylor Kwasniewski, and Dylan Kwasniewski's Motion for Summary Judgment (ECF No. 67), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Nadine Leone's Motion to Extend Time

1 | to File Response to the Motion for Summary Judgment (ECF No. 82), is **DENIED as moot**.

2 |     DATED this 8th day of June, 2013.

_____
Gloria M. Navarro
United States District Judge