UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

| | | |
|---|---|---|
| JENNIFER KWASNIEWSKI, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | 2:12-cv-00515-GMN-NJK |
| | ) | |
| vs. | ) | |
| | ) | |
| SANOFI-AVENTIS U.S. LLC., et al., | ) | **O R D E R** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Plaintiffs' Motion to Compel Discovery Responses from Defendant Sanofi-Aventis U.S. LLC (#103). The Court has considered the Plaintiffs' Motion (#103), the Defendant Sanofi-Aventis' Response (#111), and the Plaintiffs' Reply (#112). The Court finds this motion appropriately resolved without oral argument. *See* Local Rule 78-2.

**BACKGROUND**

The Plaintiffs filed this case in the District Court of Clark County, Nevada, on or around February 29, 2012. Complaint (#1-1). The Defendants petitioned for removal to the United States District Court for the District of Nevada on March 27, 2012. Petition for Removal (#1). On or around July 6, 2012, the parties began discovery. *See* Proposed Discovery Plan/Scheduling Order (#33).

On March 21, 2013, the Plaintiffs filed a motion to compel arguing that Sanofi-Aventis has not properly responded to their discovery requests because Sanofi-Aventis did not provide an index for the documents it did produce and it failed to indicate which documents were responsive to which requests. Docket no. 96. Sanofi-Aventis responded that, in compliance with Fed.R.Civ.P. 34, it

produced documents as they are kept in the usual course of business. Additionally, Sanofi-Aventis argued, not only had it provided an index, but it also produced the documents in a text-searchable format. Docket No. 97. The Court reviewed the parties' arguments and on April 16, 2013, it denied the Plaintiffs' motion for failure to meet and confer. Docket No. 100. The Court instructed the parties to meet and confer in good faith by discussing the merits of each argument in an effort to resolve the dispute without further Court involvement. *Id.* Subsequently, the parties met and conferred and were not able to reach a resolution.

On May 22, 2013, the Plaintiffs re-filed their Motion to Compel seeking a court order compelling Sanofi-Aventis to indicate by bates number which documents respond to which requests for production. Docket No. 103. Sanofi-Aventis responded that it has already produced the documents requested by the Plaintiffs and it has done so in a proper format.

## **DISCUSSION**

**I.    Legal Standard**

Fed.R.Civ.P. 34(b)(2)(E)(i) provides,

> (E) *Producing the Documents or Electronically Stored Information*. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request . . .

Thus, when producing documents, a party must either organize the documents as they are kept in the usual course of business **or** must organize and label them to correspond to the categories in the request. This rule "is meant to prevent a party from obscuring the significance of documents by giving some structure to the production." *City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 584 (C.D. Cal. 2011); *quoting Consolidated Rail Corp. v. Grand Trunk Western R.R. Co.*, 2009 WL 5151745, at *3 (E.D.Mich.2009). Producing parties should not raise "unnecessary obstacles for the requesting party" in the production of ESI. *City of Colton,* 277 F.R.D. at 584; *citing* Fed.R.Civ.P. 34 *advisory committee's notes* (2006 Amendment, subdivision (b)). Therefore, the production of ESI must be rationally organized to enable the parties to determine if responsive documents have been produced. *City of Colton,* 277 F.R.D. at 584. "Rule 34 does not obligate a

producing party to *per se* organize and label usable documents for the requesting party's convenience, [however] a party exercising Rule 34's option to produce records as they are kept in the usual course of business should organize the documents in such a manner that the requesting party may obtain, with reasonable effort, the documents responsive to their requests." Id. at 585; *quoting Armor Screen Corp. v. Storm Catcher, Inc.*, 2009 WL 291160, at *5 (S.D.Fla.2009). "In the usual course of business" may vary in its details according to the type of document or file produced, but it is clear that parties are entitled under the Federal Rules to rationally organized productions so that they may readily identify documents. *Id*.

## II.   Analysis

Here, the Plaintiffs do not dispute that Sanofi-Aventis may produce documents as they are kept in the usual course of business. However, the Plaintiffs argue, Sanofi-Aventis has failed to organize the documents in a manner that allows them to reasonably determine which documents are responsive to which request. Thus, the Plaintiffs assert, Sanofi-Aventis "should be required to state exactly which request the [documents produced by Sanofi-Aventis] respond to." Docket No. 103, at 6.

Sanofi-Aventis contends that it was permitted under Rule 34 to produce documents as they are kept in the usual course of business[1] and that it produced the documents in an easy to navigate and organized manner. The problem is, according to Sanofi-Aventis, that the Plaintiffs have not made a reasonable effort to determine which documents are responsive to their requests.

In Reply, the Plaintiffs do not dispute that the documents are organized in the manner that Sanofi-Aventis says they are organized. However, the Plaintiffs assert, they have no means of knowing whether the documents are actually responsive to their discovery requests. Thus, they argue, Sanofi-Aventis should be ordered to provide bates stamp numbers which correspond to each request for production. Finally, the Plaintiffs argue that Sanofi-Aventis' organization is not

---

[1] Sanofi-Aventis states that it chose to produce documents as they are kept in the usual course of business because the Plaintiffs made very broad requests for production which required voluminous documents in response. Additionally, according to Sanofi-Aventis, several of the Plaintiffs' requests overlap or are separated by subtle distinctions, and therefore, it is more appropriate for the Plaintiffs to determine which documents are responsive to those requests.

1  sufficient because they conducted a single search of the documents and were not lead to the
2  precise information they were seeking.
3      The Court, having reviewed the matter, finds that the organization of Sanofi-Aventis'
4  document production complies with Rule 34. First, Sanofi-Aventis provided a table of contents
5  with the documents that it produced. The table of contents describes the types of documents and
6  the volume and page number where those documents are located. Additionally, each volume
7  number is readily identifiable via cover sheet. Second, Sanofi-Aventis has provided metadata for
8  all the documents, which allows the Plaintiffs to identify the documents by bates range, file path,
9  and document title. Third, all but 33 documents are text searchable. Thus, if the Plaintiffs make a
10 reasonable effort, they should be able to obtain the documents responsive to their requests.
11     Nevertheless, the Court also finds that Sanofi-Aventis' responses to the requests for
12 production are deficient in that they create unnecessary obstacles for the Plaintiffs. Although
13 Sanofi-Aventis does not have to organize and label its responses to correspond to the categories
14 in the request, because it correctly produced documents as they are kept in the usual course of
15 business, it still must indicate whether the documents it produced are actually responsive. The
16 Plaintiffs should not have to guess which requests were responded to and which were not.
17 Accordingly, to the extent that the Plaintiffs' motion seeks to determine whether the documents
18 produced by Sanofi-Aventis are actually responsive to the Plaintiffs' discovery requests, it is
19 granted.
20 ...
21 ...
22 ...
23 ...
24 ...
25 ...
26 ...
27 ...
28 ...

**ORDER**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel Discovery Responses from Defendant Sanofi-Aventis U.S. LLC (#103) is **GRANTED in part and DENIED in part**.

IT IS FURTHER ORDERED that to the extent that the Plaintiffs motion seeks to determine whether the documents produced by Sanofi-Aventis are actually responsive, it is **GRANTED**.

IT IS FURTHER ORDERED that to the extent that the Plaintiffs motion seeks an order compelling Sanofi-Aventis to identify which documents are responsive to which request, it is **DENIED**.

DATED this 28th day of June, 2013.

_____
**NANCY J. KOPPE**
**United States Magistrate Judge**