# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JENNIFER KWASNIEWSKI, individually and as Special Administrator of the ESTATE OF ANDREW A. KWASNIEWSKI; TAYLOR L. KWASNIEWSKI; DYLAN A. KWASNIEWSKI, a minor, by and through Jennifer Kwasniewski, his mother and guardian,

        Plaintiffs,

vs.

SANOFI-AVENTIS U.S., LLC, a Delaware limited liability company; NADINE LEONE, MFT; BEHAVIORAL HEALTHCARE OPTIONS, INC., a Nevada corporation,

        Defendants.

Case No. 2:12-cv-00515-GMN-NJK

**ORDER**

Pending before the Court is Plaintiffs Jennifer Kwasniewski, Taylor L. Kwasniewski, and Dylan A. Kwasniewski's (collectively "Plaintiffs") Motion to Amend/Correct Complaint as to Defendants Nadine Leone, MFT ("Leone") and Behavioral Healthcare Options, Inc., ("BHO") (ECF No. 113),  Motion to Amend/Correct Complaint as to Defendant Sanofi-Aventis U.S., LLC, ("Sanofi") (ECF No. 115), Motion for FRCP 54(b) Certification (ECF No. 114), and Motion for Stay (ECF No. 117).  Defendant BHO filed a Response to Plaintiffs' first Motion to Amend/Correct, (ECF No. 119) to which Leone joined (ECF No. 123).  Defendant Sanofi filed Responses opposing the Motion to Amend/Correct as to Leone and BHO, as well as to the Motion for Certification and Appeal. (ECF Nos. 124, 125.)  The Court has also considered Plaintiffs' respective Replies. (ECF Nos. 128, 129, 130.)  For the reasons below, the Court denies the Motion to Amend the Complaint as to Leone and BHO and grants Certification for an interlocutory appeal and stay of proceedings.  The Motion to Amend the

Complaint as to Sanofi is denied with leave to re-file pending the outcome of the appeal.

I.   **BACKGROUND**

The facts of this case are adequately described in the Court's prior Orders and will not be recited here.  Pertinent to this Motion is that Sanofi removed this action from state court on the grounds that Nevada Defendants Leone and BHO were fraudulently joined. Plaintiffs' claim against Leone and BHO, as articulated in the Complaint, was for negligently failing to warn Mr. Kwasniewski that a potential side effect of the prescription drug he was taking could cause suicidal ideation. (ECF No. 1-1.)  In the Motion to Remand and corresponding Reply, Plaintiffs argued that Nevada law imposed a duty on Marriage and Family Therapists to warn patients about potential side effects of drugs those patients were taking. (ECF Nos. 8, 25.)  The Court denied Plaintiffs' Motion to Remand, holding that the settled rules under Nevada law imposed no such duty, and the extension of the pharmacist exception to Marriage and Family Therapists would be contrary to public policy. (ECF No. 75.)  Consequently, the Court determined that no claim could be sustained against Leone—or vicariously against BHO for Leone's actions—and Nevada Defendants Leone and BHO were fraudulently joined. (*Id.*)

Plaintiffs then filed a Motion for Reconsideration, arguing that in addition to the failure to warn, the Complaint also stated a claim for general malpractice. (ECF No. 77.)  Plaintiffs argued that because Leone, as a therapist, owed a duty of care to Mr. Kwasniewski, and because Mr. Kwasniewski committed suicide, there was the *possibility* that Plaintiffs had a negligence claim against Leone for failure to diagnose and treat Mr. Kwasniwski's suicidal ideations. (*See id.*)  However, the Court denied the Motion for reconsideration because the Complaint was completely devoid of any factual allegations that Leone's treatment was somehow deficient, and neither Plaintiffs' Motion to Remand or corresponding Reply argued the general malpractice theory.  (ECF No. 107.)  The Court held that the presentation of this new argument, not raised in the original motion, was inappropriate in a Motion for

Reconsideration. (*Id.*)  The Court subsequently granted Sanofi's Motion to Dismiss, holding that the allegations in the Complaint were insufficient to state a claim against Sanofi. (ECF No. 110.)

Plaintiffs now seek to Amend the Complaint to add a general malpractice claim against Leone—and vicariously against BHO—as well as to amend their claims against Sanofi. Alternatively, Plaintiffs seek certification under Fed. R. Civ. P. 54(b) to appeal the Court's decisions as to Leone and BHO and a stay of proceedings against Sanofi pending the outcome of that appeal.

**II.     DISCUSSION**

     **a. Motion to Amend**

As Plaintiffs' request for certification and stay hinge on the determination of its ability to amend its claims against Leone and BHO, the Court will examine this motion first.

Initially, the Court must address Plaintiffs' argument that the Court's Order denying Plaintiffs' Motion to Remand erroneously applied a Rule 12(b)(6) standard, rather than the correct standard for fraudulent joinder.  Plaintiffs' Motion—which is written much more like a second motion for reconsideration—argues that the Court held Leone and BHO were fraudulently joined because the Complaint lacked sufficient allegations relating to a malpractice claim to meet the standard articulated in *Iqbal* and *Twombly*.  Plaintiffs conclude that amendment should be allowed to supplement the original pleading and bring the allegations into compliance with that standard.

However, Plaintiffs mischaracterize the Court's holding.  The Court's determination was not that the malpractice claim was "inartfully pled," but rather that it was not pled at all.  The Court's Order denying Plaintiffs' Motion for Reconsideration adequately explained that the Complaint contained no factual allegations relating to Leone's mistreatment or failed diagnosis, which Plaintiffs now assert.  In other words, the Complaint failed to provide any notice to

1 Defendants of any claim other than failure to warn.  Thus, the Court held Leone and BHO were
2 fraudulently joined, not because allegations of malpractice were insufficient—although this is
3 certainly true—but because allegations of malpractice were wholly absent, such that neither
4 Defendants nor the Court could identify the existence of a malpractice claim..

5      Further, to the extent that Plaintiffs argue that their *post hoc* assertion of the malpractice
6 claim defeats the Court's determination of fraudulent joinder, they misconstrue the standard.
7 Although Plaintiffs accurately state that a defendant is not fraudulently joined so long as a
8 plaintiff could possibly state a claim against him, there must be *some* indication of that claim in
9 the complaint.  *See Hunter v. Phillip Morris*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citing
10 *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) (holding that a defendant
11 is not fraudulently joined so long as "there is any possibility that the state law might impose
12 liability on a resident defendant *under the circumstances alleged in the complaint*") (emphasis
13 added).   In other words, the fact that Plaintiffs *could* have included allegations of malpractice
14 in the original Complaint, does not overcome the fact that they did not.  The Court is neither
15 clairvoyant, nor required to posit hypothetical facts and theories under which a plaintiff may
16 have a claim. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)
17 (holding that in determining fraudulent joinder, the court does not consider theories not alleged
18 in the state court complaint).  Consequently, the assertion of the malpractice claim now cannot
19 alter the Court's determination of jurisdiction at the time of removal and under the original
20 Complaint.  The proposed amendment is not intended, as Plaintiffs contend, to supplement
21 "inartfully pled" allegations in the Complaint, but rather to add claims and allegations that
22 simply were not contained in the original Complaint.

23      Moreover, because the Court determined Leone and BHO were fraudulently joined to
24 the action and removal was proper, Plaintiffs' attempt to add new claims against Leone and
25 BHO must be treated as a request to join additional defendants.  Post-removal joinder of

defendants whose joinder would destroy the court's subject matter jurisdiction is governed by 28 U.S.C. § 1447. Although there is a great degree of overlap with the regular standard for amendment, diversity-defeating amendments receive more scrutiny. *IBC Aviation Serv., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000).

### 1. Legal Standard

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Whether to permit diversity destroying amendment lies within the discretion of the district court. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In exercising this discretion, courts consider "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *IBC Aviation Serv.*, 125 F. Supp. 2d at 1011 (*citing Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (C.D. Cal. 2000)).

### 2. Analysis

First, Fed. R. Civ. P. 19(a) provides that a party is "necessary" in two circumstances: (1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a legally protected interest in the action." *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999). Neither circumstance applies here. Although Plaintiffs identify Leone and BHO as potentially liable parties, this is not sufficient to make them necessary parties. *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990). Sanofi's liability regarding the manufacture and labeling of Ambien may be resolved without Leone and BHO's presence.

Additionally, neither Leone nor BHO has asserted any legally protected interest in the litigation. *See Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir.1983). Although the Court's analysis under § 1447 is more discretionary than under Rule 19(a), *see Trotman v. United Parcel Serv.*, 1996 WL 428333, *1 (N.D.Cal.1996), this factor weighs against amendment as Leone's alleged misdiagnosis is only tangentially related to Sanofi's alleged negligence in manufacturing and labeling of Ambien. *See Buttons v. Nat'l Broad. Co., Inc.*, 858 F. Supp. 1025, 1027 (C.D. Cal. 1994).

Second, Plaintiffs argue that the statute of limitations has not run on their claim. (ECF No. 130.) Thus, Plaintiffs may bring a separate action in state court asserting this new claim against Leone and BHO. This factor weighs against amendment.

Third, "[w]hen determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco v. Roberts*, 41 F. Supp. 1080, 1083 (C.D. Cal. 1999) (citing *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983)). Defendants point to the more than one-year delay between the filing of the initial Complaint and this Motion to Amend in arguing that the Motion is untimely. However, Plaintiffs correctly assert that during this time, the Court had not yet made a determination on Plaintiffs' Motion to Remand or Sanofi's Motion to Dismiss. Seeking amendment before the Court had determined its jurisdiction may have proved duplicative in the event of remand. However, the Court notes that Plaintiffs have failed to provide any explanation of why the Complaint lacked any factual allegations relating to Leone's misdiagnosis, or why no mention of malpractice—other than a passing comment in a footnote—was made until after the Court's rejection of the duty to warn theory. All facts necessary to include allegations of mistreatment or misdiagnosis would have been available to Plaintiffs at the filing of the initial complaint. Thus, although the timing of the motion does not weigh against amendment, under these circumstances, it does not weigh in favor of it either.

Fourth, "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). Plaintiffs assert that their claim against Leone and BHO is made in good faith, not solely to defeat diversity, because the malpractice claim is legitimate. However, as discussed above, no explanation is made regarding why this allegedly legitimate claim was only asserted after the Court's rejection of the claim in the original Complaint. More importantly, however, the legitimacy of Plaintiffs' claim is undermined by their own arguments in this litigation. In their Motion for Partial Summary Judgment, Plaintiffs requested that the Court find that Mr. Kwasniewski had no impaired thinking or suicidal ideations at the time of his session with Leone. (ECF No. 67.) In doing so, they approvingly cite Leone's examination, training, and determination. (*Id.*) Plaintiffs' present claim, that Leone negligently failed to diagnose and treat Mr. Kwasniewski's suicidal ideation, is directly contradicted by this early position. Moreover, Plaintiffs provide no explanation of information revealed in discovery leading to this about-face. The inconsistency of Plaintiffs' past and present arguments indicate that the proffered amendment is solely for the purpose of defeating diversity and achieving their desired forum. Consequently, this factor weighs heavily against amendment.

Fifth, this inconsistency also affects the merits of the Proposed Amended Complaint. In its claims against Sanofi, the Proposed Amended Complaint alleges that at the time of Leone's session with Mr. Kwasniewski, he did not have any suicidal ideation. (ECF No. 113-1 at ¶ 39.) Yet, later in the claims against Leone, Plaintiffs allege that Mr. Kwasniewski was experiencing suicidal ideations and Leone failed to diagnose and treat them. (*Id.* at ¶ 130.) Although the Rules of Civil procedure allow for alternative pleading, "a pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question." *Am. Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996). Given that Plaintiffs, in their

1  earlier Motion for Partial Summary Judgment, asserted that there was no issue of material fact
2  relating to Mr. Kwasniewski's lack of suicidal ideation at the time of his session with Leone,
3  they may not now claim these facts are legitimately in doubt. Consequently, the Claims against
4  Leone do not rise to the level of plausible, and this factor weighs against amendment.

   Finally, disallowing amendment would not prejudice Plaintiffs. The claims against Sanofi are based on different facts and legal theories from those against Leone and BHO. Thus, the absence of Leone and BHO does not negatively impact the substance of Plaintiffs' claims against Sanofi. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Further, should Plaintiffs pursue this new claim against Leone and BHO in state court, there would not be extensive overlap in discovery or the litigation. *See IBC Aviation Serv.*, 125 F. Supp. 2d at 1013.[1] Consequently, this factor weighs against amendment.

   Considering all factors together, the Court determines that amendment is not justified. Plaintiffs' Motion to Amend their claims against Leone and BHO is denied.

### b. Motion for Certification and to Stay

Having determined that amendment should not be allowed, the Court turns to Plaintiffs' request for certification of an interlocutory appeal and a stay of litigation pending the outcome of that case. Sanofi opposes on the grounds that an appeal would prolong the time to a final decision on the merits.

### 1. Legal Standard

In cases with multiple claims against multiple defendants, the district court may enter final judgment against some, but not all, defendants when the court determines that there is no

---

[1] To the extent that the Court's determination on the fraudulent joinder is considered a decision on the merits, and the malpractice claim is considered an issue which could have been litigated, there is a chance that the new claim may be considered collaterally estopped. However, it is unclear if a state court would reach such a conclusion. Nonetheless, any prejudice that may be suffered is still tempered by the fact that all facts about the malpractice claim were known at the time of the filing of the Complaint, but no related allegations were included.

just reason for delay. Fed. R. Civ. P. 54(b). In deciding whether to certify an order under Rule 54(b), the district court must determine (1) that the Order is a "final judgment," and (2) whether there is a just reason to delay appeal. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980). Although courts should not grant certification under Rule 54(b) routinely, *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005), "Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.3d 794, 797 (9th Cir. 1991) (citing *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.3d 465, 468 (9th Cir. 1987)).

Additionally, a district court has discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* In exercising its discretion, the court must "rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976).

### 2. Analysis

Plaintiffs assert that the Court's dismissal of Leone and BHO was a final judgment, and Sanofi does not dispute this point. Indeed, the Court's determination that Leone and BHO were fraudulently joined, together with its denial of Plaintiffs' Motion for Reconsideration and Motion to Amend is an ultimate decision on a cognizable claim for relief. *See Curtiss-Wright*, 446 U.S. at 7. Consequently, the only dispute relates to whether there is a just reason for delay.

With respect to just reason for delay, "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" *Id.* at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437

(1956)). The court's exercise of its discretion is driven by an evaluation of the interrelationship of the claims, and an assessment of equitable concerns. *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989).

Plaintiffs' claim against Leone and BHO is separate and distinct from those against Sanofi. The claims are premised on different facts, and involve different issues and theories of liability. Consequently, there is no danger that "the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court." *Morrison-Knudsen v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Further, although the resolution at trial may result in further appeals, the issue of jurisdiction would not have to be decided more than once. *See Wood*, 422 F.3d at 878 n.2 (citing *Curtiss-Wright*, 446 U.S. at 10-11). Consequently, the claims are not interrelated and there are no administrative concerns that would prevent an interlocutory appeal.

Additionally, because the appeal concerns the question of the Court's jurisdiction, its complete resolution sooner than later would most effectively aid expeditious decision of the case. If the Court were to deny certification and proceed to trial, the effect of a successful appeal by the Plaintiffs would be the nullification of every action the Court took in the case. Defendants properly note that the risk of re-trial is inherent with every appeal, however, the breadth of what would be undone if this court does not have jurisdiction makes immediately certifying and resolving the issue of jurisdiction the more efficient judicial administration.

Accordingly, the Court grants Plaintiffs' Motion for Certification under Rule 54(b). Although Plaintiffs do not specify which of the Court's Orders it wishes to have certified, the Court's Order denying Plaintiffs' Motion to Remand, denying Plaintiffs' Motion for Reconsideration, and this Order all contribute to the finality of the judgment on the claims against Leone and BHO. Consequently, the Court certifies its Orders denying Plaintiffs' Motion to Remand, denying Plaintiffs' Motion for Reconsideration, and this Order for appeal

pursuant to Fed. R. Civ. P. 54(b).

Additionally, the Court grants Plaintiffs' Motion to Stay the proceedings pending the appeal. Sanofi agrees that any Rule 54(b) certification should be accompanied by a stay of proceedings, and for the reasons expressed above, the Court finds a stay the most prudent use of judicial resources. However, the Court will also grant Sanofi's request that discovery on Morgan's Hotel Group and Hard Rock Hotel may continue to completion because of the risk these third parties could destroy evidence during the pendency of the appeal. Plaintiffs have not expressed any opposition to this request.

### c. Motion to Amend as to Claims against Sanofi

Finally, the Court turns to Plaintiffs' Motion to Amend the Complaint as to their claims against Sanofi. In its Order granting Sanofi's Motion to Dismiss, the Court noted that the deficiencies of Plaintiffs' claims against Sanofi could be cured though amendment. However, the Proposed Amended Complaint attached to the Motion also includes amendments to Plaintiffs' claims against Leone and BHO, which the court has denied. Given the procedural posture of the case after the Court's determinations, the Court will deny Plaintiffs' Motion to Amend with leave to re-file. Should Plaintiffs prove unsuccessful on appeal, they may bring the Motion again and attach a Proposed Amended Complaint with the claims against Leone and BHO removed.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend/Correct Complaint as to Defendants Nadine Leone, MFT and Behavioral Healthcare Options, Inc., (ECF No. 113) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend/Correct Complaint as to Defendant Sanofi-Aventis U.S., LLC, (ECF No. 115), is **DENIED with leave to re-file**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for FRCP 54(b) Certification

(ECF No. 114) is **GRANTED**. The Court certifies its Orders entered December 17, 2012 (ECF No. 75), and June 4, 2013, (ECF No. 107), as well as this Order for appeal pursuant to Fed. R. Civ. P. 54(b).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Stay (ECF No. 117) is **GRANTED**, except that discovery on Morgan's Hotel Group and Hard Rock Hotel may continue.

DATED this 29th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge