# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER KWASNIEWSKI, individually and as Special Administrator of the ESTATE OF ANDREW A. KWASNIEWSKI; TAYLOR L. KWASNIEWSKI; DYLAN A. KWASNIEWSKI, a minor, by and through Jennifer Kwasniewski, his mother and guardian,<br><br>        Plaintiffs,<br><br>  vs.<br><br>SANOFI-AVENTIS U.S., LLC, a Delaware limited liability company; NADINE LEONE, MFT; BEHAVIORAL HEALTHCARE OPTIONS, INC., a Nevada corporation,<br><br>        Defendants. | Case No. 2:12-cv-00515-GMN-NJK<br><br>**ORDER** |

Before the Court is Plaintiffs Jennifer Kwasniewski, Taylor L. Kwasniewski, and Dylan A. Kwasniewski's (collectively "Plaintiffs") Objections to the Magistrate Judge's Order granting in part their Motion to Compel. (ECF No. 121). For the reasons discussed below, the Motion is denied.

## I.    BACKGROUND

The facts surrounding this Motion are adequately set forth in Magistrate Judge Koppe's order and will not be recited here. Plaintiffs' Motion to Compel complained that Defendant Sanofi-Adventis U.S., LLC ("Sanofi") had not properly responded to their discovery requests because when Sanofi produced documents, it failed to provide any statement identifying to which request the produced documents were responsive. Sanofi replied that it had produced the documents as they were kept in the usual course of its business. Magistrate Judge Koppe granted the motion in part, requiring that Sanofi identify each specific request to which it had responded.

However, Magistrate Judge Koppe held that Sanofi was not required to link specific documents with each corresponding specific request, Plaintiffs needed only make a "reasonable effort" to identify the desired information.  Plaintiffs now object to Magistrate Judge Koppe's holding that Sanofi was not required to link specific documents with specific requests, arguing that it improperly shifts the burden of discovery.

## II.   LEGAL STANDARD

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985).  A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992).  When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007).  The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

## III.   DISCUSSION

Nothing in Plaintiffs' objections gives rise to a "definite and firm conviction that a mistake has been committed."  Magistrate Judge Koppe properly noted that under Fed. R. Civ. P. 34(b)(2)(E)(i), a party is entitled to produce documents as they are organized and kept in the usual course of business.  Rule 34 does not require a responding party to organize documents to suit the requesting party's convenience, but simply requires that the documents be organized in such a manner that the requesting party may, with reasonable effort, obtain the documents responsive to their requests. *City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 584

(C.D. Cal. 2011).  Upon reviewing the documents, Magistrate Judge Koppe determined that Sanofi's production complied with Rule 34 because the documents were organized as they were kept in the usual course of business.  Magistrate Judge Koppe further determined Sanofi had provided enough information about the organization that Plaintiffs, with reasonable effort, could determine the documents responsive to their requests.  Plaintiffs' complaint that performing a single search per request did not lead them to the exact information they were seeking is not sufficient to cast doubt on the Magistrate Judge's determination.

**IV.   CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiffs' Objections to the Magistrate Judge's Order granting in part their Motion to Compel (ECF No. 121) are **DENIED**.

DATED this 29th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge