UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JENNIFER KWASNIEWSKI, et al., | ) | |
| Plaintiff(s), | ) | Case No. 2:12-cv-00515-GMN-NJK |
| vs. | ) | ORDER |
| SANOFI-AVENTIS U.S., LLC, | ) | (Docket No. 159) |
| Defendant(s). | ) | |

Pending before the Court is Plaintiffs' renewed motion to stay discovery. Docket No. 159. Defendant filed a notice of non-opposition. Docket No. 160.[1] The Court finds the matter properly resolved without oral argument. *See* Local Rule 78-1. For the reasons discussed below, Plaintiffs' renewed motion to stay is **DENIED**.

I. STANDARD

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). This discretionary power extends to the issuance of a stay of discovery. *Alaska Cargo Transp., Inc. v. Alaska R.R.*, 5 F.3d 378, 383 (9th Cir. 1993).

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (stating that a stay of discovery is directly at odds with the need for expeditious

---

[1] Although Defendant does not oppose Plaintiffs' motion, the Court must still determine whether Plaintiffs have properly established that discovery should be stayed pending the resolution of Defendant's motion to dismiss.

resolution of litigation). Nor does *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "'erect an automatic, blanket prohibition on any and all discovery before . . . [a] complaint survives a motion to dismiss.'" *In re Flash Memory Antitrust Litig.*, 2008 WL 62278, *3 (N.D. Cal. Jan. 4, 2008) (quoting *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577 (N.D. Cal. July 24, 2007)). Thus, the fact that a dispositive motion is pending is not "a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted).

Rather, in deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a "just, speedy, and inexpensive determination of every action."[2] *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (quoting *Tradebay*, 278 F.R.D. at 602-03). "With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 504 (D. Nev. 2013). Where a pending dispositive motion challenges fewer than all of the disputed claims, prohibiting discovery causes unwarranted delay. *Id*. Accordingly, discovery may be stayed on the basis of a pending dispositive motion only when it is wholly dispositive. *Id*. at 506.

In this case, Defendant's motion to dismiss is not wholly dispositive. Rather, it only "requests the Court to dismiss Counts 1 and 3, in part, and Count 4, in its entirety." Docket No. 150 at 2. Delaying discovery would therefore result in unwarranted delay and a stay of discovery would be inconsistent with the directives of Rule 1. Accordingly, Plaintiffs' renewed motion to stay discovery is **DENIED**. The parties shall file a joint proposed discovery plan, no later than June 24, 2016.

IT IS SO ORDERED.

DATED: June 17, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.