UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JENNIFER KWASNIEWSKI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:12-cv-00515-GMN-NJK |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SANOFI-AVENTIS U.S. LLC, et al., | ) | (Docket No. 181) |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Defendant Sanofi-Aventis U.S. LLC's motion to compel inspection of decedent's computer hard drive and mobile telephone. Docket No. 181. Plaintiffs filed a response, and Defendant filed a reply. Docket Nos. 184, 188. The Court finds this motion properly resolved without oral argument. *See* LR 78-1. For the reasons discussed below, Defendant's motion to compel, Docket No. 181, is hereby **GRANTED**.

I.   BACKGROUND

This action arises from the death of Andrew A. Kwasniewski ("decedent"), who committed suicide while prescribed Ambien CR. *See, e.g.*, Docket No. 148 ¶ 64. Plaintiffs initially commenced the action in state court. Docket No. 1 at 2. On March 27, 2012, Defendant Sanofi-Aventis removed the action to this Court. Docket No. 1. On April 25, 2016, Plaintiffs filed an amended complaint, alleging, *inter alia*, failure to warn, negligence, and strict liability claims. Docket No. 148. Plaintiffs allege that Ambien CR caused the decedent to commit suicide. *See,* e.g., *id.* ¶ 64.

## II. DISCUSSION

When a party fails to provide requested discovery, the requesting party may move to compel that discovery. *See* Fed. R. Civ. P. 37(a). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking to avoid discovery bears the burden of explaining why discovery should be denied. *See, e.g.*, *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (addressing burdens following 2015 amendments to the discovery rules).

Defendant submits that it seeks the discovery at issue in order to determine whether personal, professional, or financial stressors could have contributed to the decedent's suicide. Docket No. 181 at 6-8. Defendant further notes that the parties previously agreed to a stipulated protocol for allowing Defendant to search the decedent's electronic devices which, it submits, the Court should enforce. *Id.* at 6. Plaintiffs respond that the discovery requested is neither relevant nor proportional because Defendant has not yet filed an answer. Docket No. 184 at 2-3. Plaintiffs do not dispute the validity of the stipulated protocol. *See* Docket No. 184. Defendant replies that, *inter alia*, Plaintiffs placed the cause of decedent's death in issue by alleging that Ambien CR caused his suicide. Docket No. 188 at 2. Defendant also submits that the discovery sought is relevant and proportional, and that Plaintiffs impliedly agreed as such because "the parties previously stipulated to a cost-sharing agreement that distributes the cost of data retrieval between the two parties." *Id.* at 4.

The Court finds that the discovery that Defendant seeks is clearly relevant to the issues presented, specifically the decedent's state of mind before his suicide, and any factors that contributed to his suicide. Additionally, the Court finds the discovery requested proportional to the needs of the case. Moreover, the Court has repeatedly rejected Plaintiffs' argument that discovery should not ensue prior to the filing of an answer. *See, e.g.*, Docket Nos. 165, 174. Further, as Defendant notes, the fact that Plaintiffs previously agreed to a stipulated protocol for the exact searches at issue here weighs in favor of granting this motion. *See, e.g.*, Docket No. 181 at 6 (citing

*Direct Lineal Descendants of Jack v. Sec'y of the Interior*, 2014 WL 5439781, at *1 (D. Nev. Oct. 24, 2014)).

III. CONCLUSION

Accordingly, Defendant's motion to compel inspection of decedent's computer hard drive and mobile telephone, Docket No. 181, is hereby **GRANTED**. Plaintiffs shall allow Defendant access to the decedent's electronic devices in accordance with the parties' stipulated protocol for preservation and forensic evaluation of electronically stored information, Docket No. 105, no later than March 17, 2017.

IT IS SO ORDERED.

DATED: March 3, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge