# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JENNIFER KWASNIEWSKI, *et al.*,  )
                              Plaintiffs,  )    Case No.: 2:12-cv-00515-GMN-NJK
     vs.                         )
                                  )    **ORDER**
SANOFI-AVENTIS U.S. LLC,  )
                              Defendant.  )

Pending before the Court are the Objections, (ECF Nos. 166, 175, 193) (collectively the "Objections"), to the Honorable Magistrate Judge Nancy J. Koppe's Orders, (ECF Nos. 165, 174, 192), filed by Plaintiffs Jennifer Kwasniewsk, Estate of Andrew A. Kwasniewski, Taylor L. Kwasniewski, and Dylan A. Kwasniewski (collectively "Plaintiffs"). Defendant Sanofi-Aventis U.S. LLC ("Defendant") filed Responses, (ECF Nos. 168, 176, 196), and Plaintiffs filed a single Reply, (ECF No. 197), to one of its Objections, (ECF No. 193).

Also pending before the Court is Defendant's Motion to Dismiss, (ECF No. 210)[1], to which Plaintiffs filed a Response, (ECF No. 211)[2]. Defendant failed to file a reply, and the time to do so has passed.

## I. BACKGROUND

This dispute arises out of the tragic passing of Andrew Kwasniewski ("Decedent"), who had been prescribed Ambien CR ("Ambien") at the time of his death. (*See* Second Am. Compl.

---

[1] Also pending before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, (ECF No. 150). However, because the First Amended Complaint no longer controls in light of the Second Amended Complaint, the Court **DENIES** this Motion as moot.

[2] Also pending before the Court is Plaintiffs' Motion for Leave to File Supplemental Response, (ECF No. 233). Defendant filed a Response, (ECF No. 243), and Plaintiffs filed a Reply, (ECF No. 244). For good cause appearing, the Court **GRANTS** Leave to File the Supplemental Response. However, based on the conclusion discussed *infra*, the Court will not rely on any of the sealed exhibits attached to this Motion.

("SAC"), ECF No. 209). Defendant manufactures the prescription drug Ambien, a sleep aid medication. (SAC ¶ 16). Plaintiffs assert that Defendant had knowledge that Ambien may produce suicidal thoughts, ideations, or actions. (*Id*. ¶¶ 19, 21–22). Despite Defendant's awareness of these side effects, Plaintiffs allege that Defendant marketed, manufactured, sold, and distributed Ambien, but failed to provide physicians and consumers with adequate warnings about its suicide-related side effects. (*Id*. ¶¶ 23–24).

One of these consumers, Decedent, had been prescribed Ambien by his physician for sleeplessness. (*Id*. ¶ 29, 60). On March 8, 2010, Decedent took the medication as prescribed by his physicians. (*Id*. ¶ 18). Plaintiffs assert that because Decedent took Ambien, Decedent committed suicide by a gunshot injury to his temple and died on March 9, 2010. (*Id*. ¶ 64).

Plaintiffs, the surviving members of Decedent's family, initially commenced the action in state court, (*see* Pet. For Removal at 2, ECF No. 1), but on March 27, 2012, Defendant removed the action to this Court, (*id*.). Plaintiffs allege the following causes of action against Defendant: (1) strict liability; (2) failure to warn; and (3) negligence. (*Id*. ¶¶ 69–116).

On April 25, 2016, the Court granted Plaintiffs' unopposed Motion to Amend/Correct Complaint. (*See* Min. Order, ECF No. 147). On April 25, 2016, Plaintiffs filed their First Amended Complaint. (*See* First Am. Compl., ECF No. 148). On May 27, 2016, Plaintiffs filed an additional unopposed Motion to Amend/Correct Complaint, (ECF No. 154), which disposed of Plaintiffs' fourth cause of action for punitive damages and instead included punitive damages in Plaintiffs' prayer for relief. (*See* First Am. Compl. ¶¶ 114–118, ECF No. 148); (*see also* Mot. to Amend/Correct, Ex. 1 at 26, ECF No. 154-1).

The Court granted Plaintiffs' second request to amend, and Plaintiffs filed the current Second Amended Complaint. (*See* Min. Order, ECF No. 205). In the instant Motion to Dismiss, Defendant requests that the Court dismiss the first and third count "for failure to state a cause of action upon which relief can be granted." (Mot. to Dismiss 2:4–5, ECF No. 210).

Additionally, on June 8, 2016, Plaintiffs filed a Second Motion to Stay Discovery based on the assertion that discovery should not continue while Plaintiffs were awaiting Defendant's Answer to the First Amended Complaint and notice of Defendant's affirmative defenses. (*See* Mot. to Stay 2:19–22, ECF No.). On June 17, 2016, Judge Koppe denied Plaintiffs' Second Motion to Stay Discovery. (*See* Order, ECF No. 165). Plaintiffs filed an Objection to the Court's Order seeking to reverse the ruling and stay discovery pending the filing of Defendant's Answer. (*Id*. 10:7–8, ECF No. 166). After the Motion to Stay Discovery was denied, Plaintiffs filed a Motion for Protective Order, (ECF No. 171), requesting to stay subpoenas served by Defendant. (*See* Mot. for Protective Order 6:8–9, ECF No. 171). The Court denied the Motion for Protective Order for similar reasons as the Order denying the Motion to Stay Discovery. (*See* Order, ECF No. 174). On November 18, 2016, Plaintiffs filed an Objection to the Court's Order denying the Motion for Protective Order seeking reversal. (*See* Obj. ECF No. 175).

Thereafter, Defendant filed a Motion for Protective Order objecting to forty-one of the topics set forth in Plaintiffs' Rule 30(b)(6) deposition notice and moved the Court to limit or quash the notice. (Mot. for Protective Order at 8–22, ECF No. 177). Judge Koppe granted in part and denied in part Defendant's Motion for Protective Order, and Plaintiffs filed an Objection to this Order seeking to reverse the Court's holding. (*See* Order, ECF No. 192); (*see also* Obj., ECF No. 193).

## II. **LEGAL STANDARD**

### A. Objections to Magistrate Judge's Order

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a

mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14–cv–00224–RCJ, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

### B. Motion to Dismiss

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the Court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by

amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

### A. Plaintiff's Objection, (ECF No. 166)

In Plaintiffs' First Objection, Plaintiffs seek an order overruling Judge Koppe's Order, (ECF No. 165), that denied Plaintiffs' Motion to Stay Discovery, (ECF No. 159). (*See* Obj. 7:2–3, ECF No. 166). Plaintiffs assert that Judge Koppe's Order is "clearly erroneous" because she failed to take into account that Plaintiffs, and not Defendant, were requesting the stay pending Defendant's filing an answer to Plaintiffs' Complaint. (*Id.* 5:26–6:10). Moreover, Plaintiffs argue that the cases Judge Koppe relied upon—*Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011), and *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013) —are inapposite because those cases involved denials of a defendant's motion to stay rather than a plaintiff's. (Obj. 5:26–6:2). Defendant opposes Plaintiffs' Objection on the basis that Judge Koppe's Order "was well reasoned and was by no means 'clearly erroneous or contrary to law.'" (Resp. 9–10, ECF No. 168).

"[A] district court has wide discretion in controlling discovery." *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). In denying Plaintiffs' Motion, Judge Koppe reasoned that, because Defendant's then-pending Motion to Dismiss was not "wholly dispositive," staying discovery would result in "unwarranted delay," and thus be inconsistent with Federal Rule of Civil Procedure ("FRCP") 1 (Order 2:19–21, ECF No. 165); *see* Fed. R. Civ. P. 1 (stating that the FRCP should be

construed "to secure the just, speedy, and inexpensive determination of every action and proceeding"). Additionally, contrary to Plaintiffs' assertion, courts in this District have relied upon both *Tradebay* and *Kor Media* in denying a plaintiff's motion to stay pending dispositive motions. *See, e.g.*, *Banks v. Freddie Mac*, No. 2:11-cv-00648-GMN-CWH, 2013 WL 5476387, at * 1 (D. Nev. Sept. 30, 2013); *Abdou v. DaVita Inc.*, 2017 WL 5068517, at *1 (D. Nev. Sept. 18, 2017). The Court therefore concludes that Judge Koppe's Order denying Plaintiffs' Motion to Stay was not clearly erroneous or contrary to law. Accordingly, Plaintiffs' First Objection is overruled.

### B. Plaintiff's Objection, (ECF No. 175)

In Plaintiffs' Second Objection, Plaintiffs request that the Court overrule Judge Koppe's Order denying Plaintiffs' Motion for Protective Order and enter a protective order. (Obj. 6:2–5, ECF No. 175). Plaintiffs filed their underlying Motion for Protective Order under FRCP 26(c), seeking a protective order in regards to subpoenas issued by Defendant "until such time as [Defendant] files an answer and affirmative defenses so that Plaintiff [sic] can then determine what exactly is at issue in this case." (Mot. for Protective Order 4:1–3, ECF No. 171). In the instant Objection, Plaintiffs argue that Judge Koppe "was required to analyze the issues in terms of proportionality," and because Plaintiffs allege that she did not, the "decision is 'contrary to law' in that it applied an incorrect legal standard, failed to consider an element of the applicable standard, or failed to apply and misapplied relevant case law and rules of procedure." (*Id*. 4:1–5). Defendant claims that Judge Koppe "correctly applied the law" given that Plaintiffs' Motion for Protective Order was based on Plaintiffs' belief that "such discovery should [not] be had until the pending dispositive motion is decided." (Resp. 2:17–21, ECF No. 176).

The Court agrees with Defendant. In her Order, Judge Koppe explains that "Plaintiffs do not submit that Defendant is not entitled to the discovery at issue . . . . Rather, Plaintiffs

insist that Defendant is not entitled to any discovery at this point in time because it has not yet filed an answer." (Order 1:16–18, ECF No. 174). In this regard, the Court agrees with Judge Koppe that Plaintiffs retread the same argument made in their First Objection, (ECF No. 166), which Judge Koppe rejected. (*See id.* 1:18–19); (*see also* Order 2:19–21, ECF No. 165). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). Further, the Ninth Circuit has held under certain circumstances that a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion. *See Alaska Cargo Transport, Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (stating the district court would have abused its discretion in staying discovery if the discovery was relevant to whether or not the court had subject matter jurisdiction).

Nothing in Plaintiffs' Second Objection gives rise to a "definite and firm conviction that a mistake has been committed." *U.S. Gypsum Co.*, 333 U.S. at 395. Plaintiffs provide no binding authority to suggest that Judge Koppe has misapplied the law in regards to the subpoenas at issue. Thus, Plaintiffs' argument fails. Judge Koppe's determination is not contrary to law or clearly erroneous, and therefore, the Order denying the Motion for Protective Order was proper. For these reasons, Plaintiffs' Second Objection, (ECF No. 175), is overruled.

**C. Plaintiff's Objection (ECF No. 193)**

Plaintiffs' Third Objection centers on Judge Koppe's application of the learned intermediary doctrine (the "LID"). (Obj. 15:13–14, ECF No. 193). In the Order, Judge Koppe limited the Rule 30(b)(6) deposition topics to "Defendant's representations to the medical community," and disallowed deposition topics concerning "information about direct to consumer advertising." (Order 4:4–16, ECF No. 192). Judge Koppe reasoned that under the

LID, "a pharmaceutical company need only warn medical experts, not consumers, about the dangers of medication." (*Id.* 4:10–12). Therefore, Judge Koppe concluded that because the LID applies to the instant case, deposition testimony about "direct to consumer advertising is irrelevant." (*Id.* 4:12–13).

In their Third Objection, Plaintiffs argue that Judge Koppe "effectively decided a dispositive motion" by applying the LID, which Plaintiffs assert is an affirmative defense that has not yet been pled. (Obj.15:16). Plaintiffs claim that in applying the LID, Judge Koppe exceeded her jurisdiction. (*Id.* 4:20–22). Defendant responds that Plaintiffs' Objection "fails to articulate a legal basis" upon which Judge Koppe's Order could be construed as "clearly erroneous or contrary to law." (Resp. 2:4–6, ECF No. 196). Specifically, Defendant argues that Nevada state courts apply the LID and that "contrary to Plaintiffs' argument," the LID is not an affirmative defense, so "it does not need to be pleaded in order to operate." (*Id.* 4:4–7).

The Court agrees with Defendant. Notably, the Nevada Supreme Court has adopted the LID. *See Klasch v. Walgreen Co.*, 264 P.3d 1155, 1159 (Nev. 2011) ("[W]e adopt the learned-intermediary doctrine in the context of pharmacist/customer tort litigation."). Based on Judge Koppe's Order, Plaintiff is not precluded from discovering the information Defendant disseminates to "the medical community," but is only barred from discovering the information Defendant disseminates directly to consumers pursuant to the LID. (*See* Order 4:4–16). Regardless of whether the LID is recognized as an affirmative defense in Nevada, to which the Nevada courts have been silent, Judge Koppe's holding is not clearly erroneous. Accordingly, Plaintiffs' Third Objection is overruled

**D. Defendant's Motion to Dismiss (ECF No. 210)**

In the instant Motion to Dismiss, Defendant seeks dismissal of Plaintiffs' first cause of action for strict products liability and Plaintiffs' third cause of action for negligence. (Mot. to Dismiss ("MTD") 2:1–5, ECF No. 210). Specifically, Defendant regards Plaintiffs' first and

third causes of action as "founded in theories of failure to warn and design defect," and Defendant argues that only the "design defect claims fail to state a cause of action upon which relief can be granted." (*Id.* 3:21–4:1). Defendant continues that the design defect claims fail because "any claim that [Defendant] should have changed the formulation of Ambien [ ] or that the product should simply not have been marketed are preempted by Federal Law." (*Id.* 4:2–4).

In its Response, Plaintiffs fail to address Defendant's Motion as to the design defects. Plaintiffs instead only argue for "the lack of warnings," which Plaintiffs claim are "a defect, its own cause, and negligence-rising to the level of punitive exposure." (Resp. 3:28–4:1, ECF No. 152)[3]. Plaintiffs nowhere seek to modify Ambien or stop it from being sold altogether. In fact, Plaintiffs concede that they "are not arguing that [Defendant] should have reformulated the drug—just simply that [Defendant] should have properly warned the public and [Decedent] of the drug's issues with psychological problems and suicidality as [Defendant] became aware of the issues with Ambien." (Resp. 14:6–8).

Pursuant to this, the Court grants Defendant's Motion to Dismiss. Specifically, Plaintiffs are foreclosed from alleging a design defect claim[4] at a later date based on their own concessions; however, each of Plaintiffs' causes of action survive with regard to failure to warn.

---

[3] Plaintiffs assert in their Response to Defendant's instant Motion to Dismiss that the Motion to Dismiss is identical to the one Defendant previously filed, (*see* ECF No. 150). Plaintiffs therefore ask the Court to use their Response, (ECF No. 152), to that Motion in response to this Motion as well. (Resp. 3:1–2, ECF No. 211). Accordingly, when referring to Plaintiff's Response, the Court will cite to the prior Response, (ECF No. 152).

[4] In Plaintiffs' Supplemental Response, (ECF No. 233-1), Plaintiffs now summarily state that "Plaintiffs' claims are not just for issues related to the adequacy of the warnings but are for Ambien [ ] being defective because it caused the suicide of [Decedent,] which was outside the nature and intended function of Ambien [ ]." However, if Plaintiffs assert this last minute argument to dispute the design defect issue, the Court maintains that Defendant's Motion to Dismiss is granted. As Plaintiffs themselves state when comparing to a Sixth Circuit case, "*Yates* was not talking about warnings—it was talking about a reformulation of the drug—and that is impossible without FDA approval," causing it to be federally preempted. (Resp. 13:27-28) (discussing *Yates v. Ortho-Mcneil-Janssen Pharms., Inc.*, 808 F.3d 281, 298 (6th Cir. 2015)) (emphasis in original). Accordingly, even in light of Plaintiffs' Supplemental Response, Defendant's Motion to Dismiss is granted.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Objection, (ECF No. 166), is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Objection, (ECF No. 175), is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Objection, (ECF No. 193), is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, (ECF No. 150), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Supplemental Response, (ECF No. 233), is **GRANTED** insomuch as the Court cites to the unsealed portions of it in this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, (ECF No. 210), is **GRANTED** pursuant to the foregoing. Plaintiffs' Second Amended Complaint, (ECF No. 209), continues on each of its causes of action concerning the failure to warn allegations.

///

///

///

///

**IT IS FURTHER ORDERED** that Plaintiffs' Motions for Partial Summary Judgment, (ECF Nos. 236, 237, 238, 239), and Plaintiffs' Motion for Leave to File Supplemental Briefing for their Motion for Summary Judgment, (ECF No. 274), are **DENIED as moot**. Specifically, the Court provides Plaintiffs fourteen (14) days from the issuance of this Order to file a *single* motion for summary judgment consistent with Local Rule 7-3(a). Moreover, Plaintiffs must confine their arguments in the motion for summary judgment to be consistent with the holdings of this Order.

**DATED** this __30__ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court